UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04CR624 RWS |
| | ) |
| JOHN LARKIN TROTTER, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

This matter is before the Court on defendant's motion to dismiss the indictment.

Pursuant to 28 U.S.C. § 636(b), the motion was referred to United States Magistrate Judge Terry I. Adelman. An evidentiary hearing was held on July 7, 2005, and thereafter Judge Adelman filed his Report and Recommendation regarding the defendant's motion. On August 9, 2005, defendant filed his objections to Judge Adelman's recommendations.

I have conducted a de novo review of all matters relevant to the motions.

Mr. Trotter is charged with knowingly causing the transmission of a program, information, code or command, and as a result of such conduct, intentionally causing damage without authorization, to a protected computer in violation of Title

18, U.S.C. § 1030(a)(5)(A)(i). A "protected computer" is as a computer "which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).

Mr. Trotter seeks dismissal of the indictment. Trotter claims the conduct giving rise to the indictment was done locally and did not occur in interstate commerce. As a result he argues his conduct could not violate the statute.

Judge Adelman correctly denied Trotter's motion to dismiss the indictment based on the plain language of the statute. Judge Adelman correctly relied on the analysis in <u>United States v. Mitra</u>, 405 F.30 492, 496 (7th Cir. 2005):

> The statute does not ask whether the person who caused the damage acted in interstate commerce, [the statute] protects computers (and computerized communication systems) used in such commerce, <u>no matter how the harm is inflicted</u>. Once the computer is used in interstate commerce, Congress has the power to protect it from a local hammer blow, or from a local data product that sends it haywire. (emphasis added).

It is undisputed that the Salvation Army computers at issue here were used in interstate commerce.

After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Adelman set forth in support of his recommended rulings issued on July 28, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#52] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#45] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2005.